[Civ. No. 4016. Fifth Dist. Jan. 24, 1980.]

CHAMELEON ENGINEERING CORPORATION,
Cross-complainant and Appellant, v.
AIR DYNAMICS, INC., Cross-defendant and Respondent.

**COUNSEL**

Hillyer & Irwin and Peter J. Ippolito for Cross-complainant and Appellant.

Joel M. Pressman and Geoffrey Becker for Cross-defendant and Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—Appellant, Chameleon Engineering Corporation (hereinafter Chameleon), appeals from a judgment of dismissal entered after sustaining the demurrer of respondent, Air Dynamics, Inc. ■ The issue is whether a supplier to a subcontractor of a general contractor who has entered into a construction contract requiring the completion of the work of construction within time limits may be held liable in tort for liquidated damages assessed against the general contractor when the supplier negligently fails to supply essential components necessary to the timely completion of the contract. We hold that under such allegations a cause of action may be stated for negligent interference with prospective economic advantage. Accordingly, we will reverse the judgment of dismissal.

Appellant, Chameleon, is a general contractor which entered into a contract with the United States Army Corps of Engineers for construction of certain military facilities. Chameleon entered into a subcontract with Davis Air Conditioning, Inc. (hereinafter Davis) which called for Davis to supply and install all the air conditioning fixtures for the facilities being built. Respondent Air Dynamics entered into a purchase order contract with Davis to supply the air conditioning equipment which would be installed by Davis.

Chameleon was to pay Davis and Air Dynamics with checks issued jointly to them as payees. Chameleon delayed payment, and Air Dynamics commenced suit for the amount due for the air conditioning equipment supplied. Chameleon cross-complained against Air Dynamics. In the second cause of action, which is the only one with which we are here concerned, Chameleon alleged: Air Dynamics, Inc. and Davis Air Conditioning "knew that the failure to properly perform the terms of its purchase order and subcontract respectively would foreseeably affect and impact on CHAMELEON'S ability to perform the terms of its contract with the Corps of Engineers...within the time prescribed and within the fixed contract price.

"...By reason of the involvement of AIR DYNAMICS in the overall contract performance AIR DYNAMICS had a duty to perform its obligations in a responsible, timely, efficient, judicious manner and in accordance with the plans and specifications set out by the U. S. Army Corps of Engineers and made a part of CHAMELEON'S subcontract with DAVIS.

". . . . . . . . . . . . . . . . .

"...[D]uring the course of said construction, these cross-defendants, and each of them, so negligently performed their respective duties so as to cause the cross-complainant, CHAMELEON, to be: delayed in the performance of its contract with the Corps of Engineers, assessed liquidated damages by the Corps of Engineers and to incur excess costs beyond its contract price with the Corps of Engineers."

"...As a proximate result of the negligence of these cross-defendants, and each of them, the cross-complainant has sustained general damages in the sum of $30,000.00."

The trial court sustained Air Dynamics' general demurrer to the second cause of action with leave to amend, and Chameleon appeals from the judgment of dismissal entered after it did not amend within the time allowed.

We view the case as being controlled by the recent decision of the Supreme Court in *J'Aire Corp.* v. *Gregory* (1979) 24 Cal.3d 799 [157 Cal.Rptr. 407, 598 P.2d 60], which was decided subsequent to both the

ruling of the trial court herein and filing of the briefs. In *J'Aire Corp.* the plaintiff alleged it ran a restaurant on premises leased from Sonoma County. The county contracted with the defendant for the latter to renovate the heating and air conditioning systems. Defendant negligently performed the contract in that the work was not completed in a reasonable time and appellant suffered loss of business. A demurrer was sustained by the trial court. (*Id.*, at pp. 802-803.) The Supreme Court reversed the judgment of dismissal. In doing so the court held that though no privity of contract existed between the contractor and the lessee-restaurant owner, the contractor owed a duty to the lessee and the lessee could recover from the contractor for loss of prospective economic advantage in the form of lost profits caused by negligent delay in completion of the contract. (*Id.*, at pp. 804-805.) The court noted that focusing judicial attention "on the foreseeability of the injury and the nexus between the defendant's conduct and the plaintiff's injury" by applying the factors set forth in the landmark case of *Biakanja* v. *Irving* (1958) 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358] would effectively limit recovery for negligent interference with prospective economic advantage to situations where a duty of care was reasonably owed and breached. (*J'Aire Corp.* v. *Gregory, supra,* 24 Cal.3d at p. 808.)

In *Biakanja* a notary public (defendant therein) prepared a will leaving an entire estate to the plaintiff therein. The will was denied probate because it lacked sufficient attestation. As a result the plaintiff under the laws of intestate succession received only one-eighth of the estate, an amount substantially smaller than the amount the plaintiff would have received under the will. Despite the lack of privity the plaintiff was allowed to recover his damages from the defendant notary public.[1] (*Biakanja* v. *Irving, supra,* 49 Cal.2d at p. 651.) ■ The criteria set forth in *Biakanja* are: (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm. (*Id.*, at p. 650.)

---

[1]The trial court in the instant case was of the opinion that where damages are solely economic, as distinguished from personal injuries or property damage, the principle of *Biakanja* applied only to professional services and not to economic damages suffered in a commercial setting. The court in *J'Aire* expressly disabused that misconception.

■ ■■■ ■ It remains to apply these criteria to the facts of the case before us.[2] (1) The contract between Davis and Air Dynamics was for supplying equipment necessary to the completion of both the subcontractor's and general contractor's work. The performance of the contract directly affected appellant's ability to fully and timely perform its contract with the United States Army Corps of Engineers, and appellant alleged both Davis and Air Dynamics knew that. Thus Air Dynamics' performance was intended to and did directly affect Chameleon. (2) Chameleon alleges that Air Dynamics could reasonably have foreseen that if the purchase order contract was not properly performed Chameleon's ability to perform the underlying contract would be affected. Under the facts alleged that result was clearly foreseeable. (3) Because Air Dynamics did not properly perform the purchase order contract, Chameleon was delayed in completing its performance and was assessed liquidated damage and incurred other costs. (4) The close connection between Air Dynamics' acts and the damages suffered is pled and is patent. (5) The moral blame attached to Air Dynamics does not appear to be a factor in this case one way or the other. (6) It is the policy of this state to hold persons liable for injury caused another through "want of ordinary care." (Civ. Code, § 1714.) Thus, imposing liability promotes the prevention of future harm.

Applying the principles of *J'Aire Corp.* and *Biakanja* to the facts as alleged, clearly a cause of action for negligently caused economic damage has been stated, and the trial court erred in sustaining the demurrer to the cross-complaint.

Air Dynamics cites and relies upon *Fifield Manor* v. *Finston* (1960) 54 Cal.2d 632 [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813] and *Adams* v. *Southern Pac. Transportation Co.* (1975) 50 Cal.App.3d 37 [123 Cal.Rptr. 216]. *Adams* was disapproved in *J'Aire Corp.* insofar as it holds that there can be no recovery for negligent interference with prospective economic advantage. *Fifield* was distinguished as not meeting the foreseeability and nexus test and is distinguishable from the case at bench on the same ground. (*J'Aire Corp.* v. *Gregory, supra,* 24 Cal.3d at pp. 806-807.) *Gill* v. *Mission Sav. & Loan Assn.* (1965) 236

---

[2]We, of course, assume the allegations of the complaint are true. "In testing the sufficiency of a complaint, a reviewing court must assume the truth of all material allegations in the complaint [citation], including the allegations of negligence and cause in fact." (*J'Aire Corp.* v. *Gregory, supra,* 24 Cal.3d at p. 803.)

Cal.App.2d 753 [46 Cal.Rptr. 456], relied upon by Air Dynamics, is likewise distinguishable for the same reasons.

There is no merit to Air Dynamics' assertion that Chameleon improperly pled on information or belief. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleadings, § 286, p. 1960.)

The judgment is reversed.

Zenovich, J., and Ballantyne, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.