James **PLESSINGER**, Plaintiff,

v.

**CASTLEMAN AND HASKELL**, a Partnership, **Lorin Castleman**, a **Professional Corporation**, **William Haskell**, a **Professional Corporation**, **Allstate Insurance, Inc.**, Defendants.

No. C–93–1908 FMS.

United States District Court, N.D. California.

Sept. 8, 1993.

Martin Eichner, Romines & Eichner, Palo Alto, CA, for James Plessinger.

Eric P. Angstadt, Hoyt Miller & Angstadt, Walnut Creek, CA, for Lorin Castleman, William Haskell, Castleman and Haskell, a partnership.

Fred W. Alvarez, Pillsbury Madison & Sutro, San Francisco, CA, for Allstate Ins. Co.

### ORDER DENYING DEFENDANT ALLSTATE INSURANCE INC.'S MOTION TO DISMISS

FERN M. SMITH, District Judge.

### BACKGROUND

Plaintiff is an attorney licensed to practice in California. He has filed a complaint against his former employers, defendants Castleman & Haskell, Lorin Castleman and William Haskell ("law firm defendants"), and against a client of the law firm defendants, Allstate Insurance Inc. ("Allstate"). Plaintiff contends that in July 1992, the law firm defendants reduced his compensation and told him to plan to leave the firm altogether. The law firm defendants allegedly told Plaintiff such action was necessary because Allstate indicated it wanted its files handled by younger attorneys in the firm. Plaintiff has alleged age discrimination and related claims against the law firm defendants, and has alleged both intentional and negligent interference with business relations against Allstate (Seventh and Eighth Claims for Relief).

Allstate now moves to dismiss the claims for relief alleging intentional and negligent interference with business relations on the grounds that the complaint fails to state a claim upon which relief can be granted.

### DISCUSSION

#### I. STANDARD OF REVIEW

Under Fed.R.Civ.P. 12(b)(6), a complaint may be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

#### II. GROUND FOR MOTION TO DISMISS

Allstate raises three grounds in its motion to dismiss: 1) that plaintiff's claims are precluded by Allstate's "absolute right" to choose an attorney of its choice, 2) that its conduct was privileged as a matter of law, and 3) that the complaint fails to sufficiently allege the requisite intent element.

The California Supreme Court has recognized that a stranger to a contract may be liable in tort for intentional interference with the performance of the contract. *Pacific Gas & Electric Co. v. Bear Stearns & Co.,*

**450**

50 Cal.3d 1118, 1126, 270 Cal.Rptr. 1, 791 P.2d 587 (1990). The tort of intentional interference with contract requires the following elements: 1) a valid contract between the plaintiff and a third party, 2) defendant's knowledge of the contract, 3) intentional actions designed to induce a breach or disruption of the contract, 4) an actual breach or disruption of the contractual relationship, and 5) resultant damages. *Id.*

The California Supreme Court has also recognized the tort of negligent interference with prospective economic advantage. *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 803–805, 157 Cal.Rptr. 407, 598 P.2d 60 (1979). An appellate court has allowed a cause of action for negligently causing economic damage. *Chameleon Engineering Corp. v. Air Dynamics Inc.*, 101 Cal.App.3d 418, 423, 161 Cal.Rptr. 463 (1980).

### A. Plaintiff's Claims Are Not Precluded As A Matter of Law By Allstate's Right to Select Counsel

■ Allstate maintains that a cause of action in tort brought by an attorney against a client of his former employer on the grounds that the client interfered with the attorney's employment contract with the law firm due to the attorney's age should not be recognized. Allstate rests its argument on its "absolute right" to terminate an attorney-client relationship, relying primarily on *Fracasse v. Brent*, 6 Cal.3d 784, 100 Cal.Rptr. 385, 494 P.2d 9 (1972).

In *Fracasse*, the California Supreme Court held that an attorney discharged with or without cause by a client cannot recover contractual damages from the former client, but is limited to recovery in *quantum meruit* for the reasonable value of the services rendered. *Id.* at 792, 100 Cal.Rptr. 385, 494 P.2d 9. In reaching its conclusion, the court noted that California has long recognized that a client's power to discharge an attorney, with or without cause, is absolute, *id.* at

790, 100 Cal.Rptr. 385, 494 P.2d 9, and that such a discharge does not constitute a breach of contract for the reason that the right to discharge without cause is implied into the contract between the parties. *Id.* at 791, 100 Cal.Rptr. 385, 494 P.2d 9. "It would be anomalous and unjust to hold the client liable in damages for exercising [this] basic implied right." *Id.*

Plaintiff asserts that the "absolute rule" discussed in *Fracasse* is irrelevant because Plaintiff is not suing Allstate over the termination of an attorney/client contractual agreement between himself and Allstate. As noted in *Rosenfeld, Meyer & Susman v. Cohen*, 146 Cal.App.3d 200, 227, 194 Cal.Rptr. 180 (1983), the *Fracasse* holding relates exclusively to contractual relationships. *Fracasse* does not discuss a client's potential tort liability for wrongful conduct. *Id.* Plaintiff's complaint, while asserting the existence of a contractual relationship of some sort between the law firm defendants and Allstate, does not allege the existence or termination of a separate contractual relationship between Plaintiff and Allstate. The only contract to which Plaintiff is a party is that between him and his former law firm. The Court therefore finds that *Fracasse* does not control the disposition of this motion.

Allstate notes that no California appellate court has recognized a tort action brought by an attorney against a former client based on the client's selection of new counsel. California courts have, however, allowed a claim of intentional interference with an attorney/client contract to be brought against a stranger to that contract.[1] In none of these cases could a client's potential liability for interference with contract arise because, under California law, a party to a contract cannot be held liable in tort for interfering with its own contract. *Rosenfeld*, 146 Cal.App.3d at 225, 194 Cal.Rptr. 180. Allstate is a third party to the employment contract between Plaintiff and the law firm defen-

1. See *Frazier, Dame v. Boccardo, Blum*, 70 Cal.App.3d 331, 339, 138 Cal.Rptr. 670 (1977) (alleged interference by new counsel for plaintiff's former client); *Abrams & Fox, Inc. v. Briney*, 39 Cal.App.3d 604, 609, 114 Cal.Rptr. 328 (1974) (alleged interference by husband of plaintiff's former client); *Skelly v. Richman*, 10 Cal.App.3d 844, 854, 89 Cal.Rptr. 556 (1970) (alleged interference by opposing party and opposition counsel with plaintiff's former client); *Rosenfeld, Meyer & Susman v. Cohen*, 146 Cal.App.3d 200, 194 Cal.Rptr. 180 (1983) (alleged interference by former partners of law firm with contract between firm and client).

dants, and this case presents an issue the California appellate courts have not addressed: whether a client of a law firm can, as a matter of law, intentionally or negligently interfere with the business relationship between an associate and a law firm.

Allstate argues that because a client may discharge an attorney with or without cause, its alleged conduct could never be recognized as tortious. As noted, *Fracasse* was decided in a context very different from that at issue. In *Fracasse*, the California Supreme Court faced the issue of balancing a client's implied contractual right to fire an attorney without cause against the attorney's right to receive compensation for services rendered pursuant to the contract.

. This case, however, raises a very different social issue, alleged discrimination against a member of a "protected class". The California Legislature declared that age discrimination in certain employment practices violated public policy in 1961, six years prior to any similar federal legislation.[2] More recently, in 1978, the Legislature amended the former Cal.Lab.Code § 1412[3] to declare that the opportunity to seek, obtain and hold employment without discrimination because of age is a civil right.

■ When faced with the question of limiting an employer's right to fire at-will employees, California courts recognize some limitations. An at-will employee may be terminated with or without cause, *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 665, 254 Cal.Rptr. 211, 765 P.2d 373 (1988), for an arbitrary or irrational reason, or for no reason at all, *Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 1094, 4 Cal.Rptr.2d 874, 824 P.2d 680 (1992), but not for the wrong reason. This right is limited by public policy, statutes, and the implied covenant of good faith and fair dealing. *Rosenfeld*, 146 Cal.App.3d at 225, 194 Cal.Rptr. 180. An employer's right to fire an at-will employee is in many respects analogous to a client's right to an attorney of its own choice.

■ When a decision turns on state law and the state's highest court has not determined the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were to decide the issue. *Aetna Casualty & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (1993). The Court believes that the California Supreme Court would not recognize a client's unlimited right to select among associates employed by a contracted law firm where the selection criteria involves discrimination against a member of a protected class. To hold otherwise would allow law firm clients to demand that law firms not assign cases to women, racial minorities or members of any other protected class, even where the client intends to cause a breach or disruption of the business relationship between the associate and the employing law firm. Important though the attorney-client privilege may be, it should not be available to shield interference with another's civil rights.

**B.  *Allstate Is Not Entitled to Dismissal Based on Privilege As A Matter of Law***

■ Allstate next contends that its conduct is privileged as a matter of law. Under state law, where tort liability for interference with economic interest would otherwise exist, the defendant may raise the affirmative defense of "justification". Inducing a breach of contract by lawful means is justified, and therefore privileged, if the objectives advanced by the interference are more important than the interest interfered with. *Herron v. State Farm Mutual Ins. Co.*, 56 Cal.2d 202, 206, 14 Cal.Rptr. 294, 363 P.2d 310 (1961); *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 325 (1982).

In *Davis*, 687 F.2d at 325–26, the Ninth Circuit stated that the determination of whether the privilege of justification applies requires a two-step analysis: 1) to determine if the relationship between the parties involves the types of interests the privilege is

---

**2.** The current Cal.Gov't Code § 12941, which prohibits age discrimination in certain employment practices, is derived from the former Cal.Unempl.Ins.Code § 2072, enacted in 1961. Congress passed its initial version of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, in 1967.

**3.** Former Cal.Lab.Code § 1412 is now codified as Cal. Gov't Code § 12921.

designed to protect, specifically whether the inducement of the breach of contract through lawful means protects an interest that has greater social value than the stability of the contract in question, and 2) to determine that a defendant acting to protect that interest did not act with an improper intent.

Allstate argues that its actions were justified by the following interests: 1) the policy behind a client's absolute right to counsel of its choice, namely not forcing a client to retain an attorney in which it has lost confidence, 2) the lack of any public policy which forbids a client from rejecting an attorney because of age,[4] and 3) preservation of confidentiality between a client and its attorney.

Plaintiff argues that the privilege Allstate is asserting cannot form the grounds for a motion to dismiss because a factual analysis is always required to determine the existence of the privilege, relying on *Rosenfeld*, 146 Cal.App.3d at 230, 194 Cal.Rptr. 880. That court stated that "every case" where the issue of whether interference with economic interests is privileged or justified involves consideration of factual matters. The California Supreme Court has suggested that the grounds for justification may be considered to support a motion to dismiss an action alleging interference with economic interference if the grounds appear on the face of the complaint. *See Herron*, 56 Cal.2d at 207, 14 Cal.Rptr. 294, 363 P.2d 310. Allstate contends this is such a case. The Court disagrees.

■ For a complaint to be dismissed because the allegations give rise to an affirmative defense, the defense must clearly appear on the face of the pleading and the defense must be complete. *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir.

1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992). In this case, while Allstate may prevail on a motion for summary judgment, the Court finds a dismissal at this stage to be premature.

At the same time, the attorney-client privilege should be reasonably protected. The Court therefore holds that the burden of proof is on Plaintiff to show a prima facie case of interference based on a discriminatory motive before Allstate is required to produce any privileged information. If and when that occurs, Allstate may request an appropriate protective order.

### C. *Plaintiff Has Adequately Plead Intent*

■ Allstate also contends that, as to the claim of intentional interference with business relations, Plaintiff has not properly alleged the requisite intent element.[5] A plaintiff must plead the existence of an intentional act designed to induce a breach or disruption of the contract. *Pacific Gas & Electric Co.*, 50 Cal.3d at 1126, 270 Cal.Rptr. 1, 791 P.2d 587. Stated otherwise, there must be a showing of an intent to cause the result, i.e. the interference. *Seaman's Direct Buying Service, Inc. v. Standard Oil Co.*, 36 Cal.3d 752, 765, 206 Cal.Rptr. 354, 686 P.2d 1158 (1984). The requisite intent can be inferred from an allegation that the defendant engaged in conduct "substantially certain" to interfere with the performance of the contract. *Id.* at 767, 206 Cal.Rptr. 354, 686 P.2d 1158.

The complaint alleges that Allstate "intentionally informed the law firm defendants that plaintiff could no longer perform work on any of its files and did so with knowledge that plaintiff's employment relationship with

---

**4.** Allstate refers to *Fracasse* which states that a client has the right to change counsel "for whatever reason". 6 Cal.3d at 790, 100 Cal.Rptr. 385, 494 P.2d 9. It also argues that statutes protecting Plaintiff from age discrimination refer only to discrimination by an employer, and that Plaintiff does not allege that Allstate was or is his employer.

**5.** Allstate does not allege that the claim for negligent interference with business relations is deficient in this respect. In the two reported California cases which recognize a cause of action

for negligent interference with prospective economic advantage, an element of "intent" was not required. Both courts did require a showing that the defendant allegedly breached a duty owed to the plaintiff. *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 157 Cal.Rptr. 407, 598 P.2d 60 (1979); *Chameleon Engineering Corp. v. Air Dynamics Inc.*, 101 Cal.App.3d 418, 161 Cal.Rptr. 463 (1980). Allstate has not alleged that, under the circumstances of this case, it owed no duty not to negligently interfere with Plaintiff's business relations with the law firm defendants.

the law firm defendants would be substantially harmed as a result." Compl. ¶ 48. The Court is required to accept as true all reasonable inferences from the complaint, *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986), and to construe the complaint in the light most favorable to a plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980).

The California Supreme Court has held that "intent" in these circumstances can be met by an allegation that the defendant engaged in an intentional act designed to "disrupt" the plaintiff's contractual relationship, *Pacific Gas & Electric*, 50 Cal.3d at 1126, 270 Cal.Rptr. 1, 791 P.2d 587, and that disruption includes acts which make the plaintiff's performance under the contract more difficult or burdensome. *Id.* at 1129, 270 Cal.Rptr. 1, 791 P.2d 587. The Court, therefore, accepts Plaintiff's construction of the complaint that by alleging Allstate told the law firm defendants to take its cases away from Plaintiff, it was intentionally engaging in conduct substantially certain to interfere with, or otherwise disrupt, Plaintiff's business relations with the law firm defendants.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant Allstate Insurance Inc.'s Motion to Dismiss.

SO ORDERED.