89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TYSON & ASSOCIATES, INC.; Integrated Health, Inc.; Aatron
Medical Services, Inc., Plaintiffs-Appellants,
v.
SHOWA DENKO, K.K.; Showa Denko America, Inc., Defendants-Appellees.
 No. 95-56351.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 25, 1996.
 
 Before: WIGGINS, THOMPSON, TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Tyson & Associates, Inc., Integrated Health, Inc., and Aatron Medical Services, Inc., appeal the district court's grant of summary judgment for Showa Denko K.K. and Showa Denko America, Inc. (collectively "Showa") on appellants' claim for negligent interference with prospective economic advantage. We affirm the district court's order, and deny Showa's request for sanctions.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 3
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996). "We must determine whether the evidence, viewed in a light most favorable to the non-moving party, presents any genuine issues of material fact and whether the district court correctly applied the law." Id.
 
 II. ANALYSIS
 
 4
 California recognizes the tort of negligent interference with prospective economic advantage between parties not in privity of contract and where only economic losses are sought. J'Aire Corp. v. Gregory, 598 P.2d 60, 63 (Cal.1979). However, to pursue such an action in the absence of privity, the plaintiff must show that a "special relationship" existed between the parties. Id. Whether a special relationship exists between appellants and Showa is a question of law. Marlene F. v. Affiliated Psychiatric Medical Clinic, 770 P.2d 278, 281 (Cal.1989) (en banc). To determine the existence of a "special relationship," six criteria are balanced:
 
 
 5
 (1) [T]he extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to defendant's conduct, and (6) the policy of preventing future harm.
 
 
 6
 J'Aire, 598 P.2d at 63 (citing Biakanja v. Irving, 320 P.2d 16, 19 (Cal.1958)) (hereinafter "J'Aire factors"). In connection with the last factor, countervailing public policies which may preclude recovery must also be considered. Id. at 63 n. 1. The California Supreme Court noted that weighing the six J'Aire factors to determine the existence of a special relationship was consistent with the trend in California courts not to apply "overly rigid common law formulations of duty in favor of allowing compensation for foreseeable injuries caused by a defendant's want of ordinary care."[1] Id. at 64.
 
 
 7
 In the instant case, the district court granted summary judgment to Showa by concluding that the first two J'Aire factors were not satisfied and, therefore, no special relationship exists between the parties and appellants cannot maintain a negligent interference claim against Showa. Although the court acknowledged that J'Aire requires an examination of the six J'Aire factors for determining the existence of a special relationship between the parties, it apparently ended its consideration after the first two J'Aire criteria.
 
 
 8
 Nonetheless, we affirm the dismissal of the present action. Even if all four remaining J'Aire factors weighed in favor of finding a duty of care, the district court did not err in concluding that no duty existed. See Ott v. Alfa-Laval Agri, Inc., 31 Cal.App.4th 1439, 1456, 37 Cal.Rptr.2d 790, 802 (1995) (holding no special relationship exists where first two factors were not met and last four factors were assumed to weigh in favor of finding a duty of care); Worldvision Enterprises, Inc., 142 Cal.App.3d at 596, 191 Cal.Rptr. at 152 (holding no special relationship exists notwithstanding assumption that defendant's conduct and plaintiff's injury were closely connected and harm to plaintiff was foreseeable); see also J'Aire, 598 P.2d at 64-65 (distinguishing Fifield Manor v. Finston, 354 P.2d 1073, 1075-76 (Cal.1960) (en banc), where the California Supreme Court denied plaintiff, who was not in contractual privity with defendant, recovery for negligent interference for prospective advantage because plaintiff's injury was not reasonably foreseeable).
 
 
 9
 First, assuming that Showa was the sole source of contaminated L-tryptophan ("LT") in the United States, the record does not support finding that Showa's conduct was intended to affect appellants. Appellants assert only that Showa knew that its LT was contaminated and intended to introduce the contaminated LT into the U.S. market. This allegation, if proven, is insufficient to satisfy the criterion that defendant's action be intended to affect the plaintiff. See Ott, 31 Cal.App.4th at 1456, 37 Cal.Rptr.2d at 802 (stating that to the extent that defendant's product "was intended to affect the plaintiffs in the same way as all retail buyers, this [case] becomes a traditional products liability or negligence case in which economic damages are not available" when unaccompanied by personal or property injury); cf. Chameleon Eng'g Corp. v. Air Dynamics, Inc., 101 Cal.App.3d 418, 423, 161 Cal.Rptr. 463, 465 (1980) (finding that negligent failure to deliver essential supplies to a subcontractor by the defendant supplier directly affected the plaintiff general contractor's ability to perform the underlying contract). Appellants do not even assert that Showa intended to affect them in particular. Accordingly, appellants have failed to raise a genuine issue regarding the extent to which Showa intended to affect appellants.
 
 
 10
 Second, it was not reasonably foreseeable that the United States Food & Drug Administration ("FDA") would recall all LT products, and that the recall would lead to the diminution of the LT market and appellants' loss of prospective economic advantage. Appellants argue that there is a genuine issue of material fact whether Showa knowingly introduced contaminated LT into the United States in 1989 and whether this LT led to the recalls. As support, appellants refer to the depositions of two doctors, Gerald Gleich and Edward Belongia, and documents provided by Showa in discovery. At most, these materials show that Showa's LT contained impurities and that representatives from the Mayo Clinic and the Minnesota Department of Health believe that Showa's LT caused the outbreak of eosinophilia-myalgia syndrome ("EMS") in the United States in 1989. Even if Showa's LT in fact causes EMS, the evidence provided by appellants does not address whether Showa knew prior to 1989 that its LT was contaminated in kind and degree to cause a nationwide recall of all LT products in the United States. Appellants state in their opening brief that Showa was "on notice of flaws in [its] quality control program which gave rise to toxicity in their tryptophan products in Europe, more than a year in advance of the 1989 disaster in the U.S." This statement demonstrates, by its lack of citation to the record, the lack of any proof that Showa knew before the 1989 outbreak of EMS that its LT is linked to EMS.
 
 III. PUNITIVE DAMAGES
 
 11
 Appellants' complaint alleges a separate cause of action for punitive damages, pursuant to California Civil Code § 3294, which provides for exemplary damages where a defendant is guilty of oppression, fraud, or malice.[2] The district court correctly treated this "claim" as a "request" for punitive damages. See Hilliard v. A.H. Robins Co., 148 Cal.App.3d 374, 391, 196 Cal.Rptr. 117, 127 (1983) ("There is no cause of action for punitive damages."). Punitive damages under § 3294 are available only if appellants plead and prove fraudulent, oppressive, and/or malicious activity by Showa. Accordingly, because appellants cannot maintain their sole claim for negligent interference with prospective economic advantage against Showa, no basis exists for awarding punitive damages. Id. at 391, 196 Cal.Rptr. at 128 (" 'Punitive damages are merely incidental to a cause of action, and can never constitute the basis thereof.' ") (citation omitted).
 
 IV. SANCTIONS
 
 12
 Showa requests that sanctions--attorney's fees and double costs--be imposed against appellants and their counsel. We have discretion to impose such sanctions pursuant to Fed.R.App.P. 38 and 28 U.S.C. § 1912. We do not find this appeal, although ultimately unsuccessful, to be frivolous. See In re Eisen, 14 F.3d 469, 471 (9th Cir.1994) (stating that appeal is frivolous when "the results are obvious or the arguments are wholly without merit") (citation omitted). Although appellants acknowledged that this case turns on a balancing of the J'Aire factors, they focused mainly on the foreseeability factor and proposed, without citation to any legal authority, that allowing a negligent interference with prospective economic advantage claim even where there is no special relationship is consistent with J'Aire. Appellants were attempting to extend the application of a claim for negligent interference with prospective economic advantage based on the foreseeability factor, but were not making a frivolous argument.
 
 CONCLUSION
 
 13
 For the foregoing reasons, we AFFIRM the district court's order and DENY Showa's request for sanctions.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Relying on this language regarding the importance of foreseeability of harm to the plaintiff, appellants erroneously focus almost solely on the foreseeability factor in their arguments. Appellants seem to argue that foreseeability of harm to plaintiff is sufficient for maintaining a claim for negligent interference with prospective economic advantage. Although foreseeability is necessary, it is not a sufficient factor for finding a special relationship. See Thing v. La Chusa, 771 P.2d 814, 826 (Cal.1989) (en banc) ("[R]eliance on foreseeability of injury alone in finding a duty, and thus a right to recover, is not adequate when the damages sought are for an intangible injury."); Worldvision Enterprises, Inc. v. American Broadcasting Cos., 142 Cal.App.3d 589, 596, 191 Cal.Rptr. 148, 152 (1983) (holding no special relationship exists even where harm to plaintiff was assumed to be foreseeable)
 
 
 [2]
 Section 3294 provides in part:
 (a) In an action for the breach of an obligation not rising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
 Cal.Civ.Code § 3294 (West Supp.1996).