129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Freddie BLACK, Plaintiff-Appellant,
v.
BAXTER HEALTHCARE CORPORATION, Tim O'Neill, Defendants-Appellees.
 No. 96-55749.
 United States Court of Appeals,
 Ninth Circuit.
Nov. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California John G. Davies, District Judge, Presiding
 Before: O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Freddie Black appeals the district court's grant of summary judgment in favor of his former employer Baxter Healthcare Corporation and Baxter employee Tim O'Neill in Black's action under Title VII of the Civil Right's Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and Califernia state law, alleging that Baxter improperly terminated him from his sales representative position because he is black, because of his age, and because of complaints he reported about Baxter's products. We affirm. Because the parties are familiar with the factual and procedural background, we will not detail it here.
 
 
 3
 * Because the burdens of proof and persuasion for both the Title VII and ADEA claims are governed by the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), we combine those claims for analysis. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990). Under the McDonnell Douglas framework, the plaintiff must first establish a "prima facie" case of discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 252-53 (1981). The establishment of a prima facie case "in effect creates a presumption that the employer unlawfully discriminated against the employee." Id. at 254. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for terminating the plaintiff. McDonnell Douglas, 411 U.S. at 802. Once the defendant articulates a legitimate, nondiscriminatory reason for the challenged action the presumption of unlawful discrimlnation " 'simply drops out of the picture.' " Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993)). However, the plaintiff may still prevail by proving "by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 253.
 
 
 4
 The degree of proof necessary to establish a prima facie case in the context of a motion for summary judgment "is minimal and does not even need to rise to the level of a preponderance of the evidence Wallis, 26 F.3d at 889. The plaintiff is required only to offer evidence which "give[s] rise to an inference of unlawful discrimination." Burdine, 450 U.S. at 253. Baxter does not challenge Black's argument that he has satisfied the minimal requirements of establishing a prima facie case of race and age discrimination.
 
 
 5
 Once a prima facie case has been made, the burden of production shifts to Baxter, which has to submit evidence that Black was terminated for a legitimate, non-discriminatory reason. Baxter offers evidence to indicate that Black was terminated because his job performance was deficient. Between 1991 and 1993, Black received at least eleven memoranda from his supervisor Tim O'Neill regarding Black's unsatisfactory job performance. Six of these memoranda discussed requests by Baxter customers that Black be removed from their accounts because of his poor service. During the same period, O'Neill received at least three memoranda from hospitals asking that Black be removed from their accounts. In his 1991 performance evaluation, Black received a "good minus" rating. In his 1992 evaluation, he received a "needs improvement" rating. Viewed in its totality, this evidence is sufficient to discharge the defendants' burden of proof and to meet Black's prima facie case of discrimination.
 
 
 6
 To show that the defendants' stated reason for terminating him was pretextual, Black advances a number of arguments. First, Black contends that he did not have any performance problems before O'Neill became his supervisor in 1991 However, in Black's 1990 performance review, Black was asked to take steps to improve his relationship with clients. Furthermore, Black produced no evidence to show that O'Neill in any way encouraged or solicited the numerous hospital complaints regarding Black's performance that Baxter received between 1991 and 1993. Black maintains that back orders, and not Black himself, were the source of Black's problems with hospitals. However, none of the hospitals that requested Black's removal cited back orders as a source of their dissatisfaction. Rather, these hospitals claimed to be dissatisfied with the quality of service Black was providing.
 
 
 7
 Black also offers as evidence of pretext the alleged comment by Baxter vice president Larry Jones to "get a rope" when Black boarded a bus at a national sales meeting. Without more, such isolated remarks are insufficient to establish discrimination. Price Wsterhouse v. Hopkins, 490 U.S. 228, 251 (1989) (plurality); id. at 277 (O'Connor, J., concurring). The plaintiff must demonstrate that the remarks were in some way connected to the employment decision at issue. Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th Cir.1993). Black offers no evidence to show that Jones was involved in the decision to terminate him. Therefore, Jones,' alleged comment alone is insufficient to permit Black to avoid summary judgment.
 
 
 8
 With respect to his age discrimination claim, Black offers as evidence of pretext his contention that he was terminated within six months from the date that his reiement benefits would have vested. However, even if Black could show that Baxter had terminatated him shortly before his pension benefits would have vested, such evidence would not support Black's claim that Baxter had violated the ADEA. An employer does not violate the ADEA by acting on the basis of a factor, such as the employee's pension status or seniority, that is empirically correlated with age. Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993).
 
 II
 
 9
 Black also asserts California state claims for wrongful termination in violation. of public policy (as to Baxter), breach of an implied contract and breach of the covenant of good faith and faith dealing (as to Baxter), defamation (as to Baxter and O'Neill, interference with Black's economic relationships (as to O'Neill, misrepresentation of fact (as to Baxter), and intentional and negligent infliction of emotional distress (as to Baxter and O'Neill).
 
 
 10
 * Under California law, an employee whose termination violates fundamental public policy may maintain a tort action for wrongful discharge against the employer. Tameny v. Atlantic Richfield Co., 610 P.2d 1330, 1331 (Cal.1980). The Puhlic policies which will support such a claim cannot be abstract, but rather "must be delineated in a constitutional or statutory provision. Sequoia Ins. Co. v. Superior Court, 16 Cal.Rptr.2d 888, 893 (Cal.Ct.App.1993). Black contends that Baxter violated public policy by terminating him because of his race and his age. However, Black has failed to demonstrate that he was terminated because of his race or age as opposed to his unsatisfactory job performance.
 
 
 11
 Black also claims that his termination violated public policy because it occurred after Black made management aware of product defect complaints made by Baxter customers. It is a violation of California public policy to terminate an employee for complaining to the employer about the employer's violation of a criminal statute. Tameny, 610 P.2d at 1332-33. Under California Penal Code § 387, it is illegal for a company to fail to report a "serious concealed danger" in that company's product. Black has failed to show that the product defects he reported constituted a "serious concealed danger." Even if Black could demonstrate that such a danger existed, he would be required to establish a nexus between his reporting of the defects and his termination. Turner v. Anheuser-Busch, Inc., 876 P.2d 1022, 1031 (Cal.1994). However Black has not made any showing that his reports of customer complaints were related to his termination.
 
 
 12
 Second, Black asserts state law claims against Baxter for breach of an implied contract andt breach of the covenant of good faith and fair dealing. To succeed on these claims under California. law, Black must show that Baxter lacked good cause for terminating him. Pugh v. See's Candies, Inc., 171 Cal.Rptr. 917 (Ca].Ct.App.1981). Good cause has been defined by the California courts as "a fair and honest cause or reason, regulated by good faith on the part of the party exercising the power." R.J. Cardinal Co. v. Ritchie, 32 Cal.Rptr. 545, 558 (Cal. Ct.
 
 
 13
 The record reveals that Baxter did have good cause to terminate Black. Several hospitals serviced by Black requested that he be replaced on account of his poor service. O'Neill repeatedly made suggestions to Black as to how he might improve his performance, but Black made no attempt to implement them. Because Baxter succeeded in showing good cause for Black's termination, Black's claim for breach of an implied contract fails.
 
 
 14
 Third, Black asserts defamation claims against both Baxter and O'Neill. " 'The sine qua non of recovery for defamation ... is the Existence of falsehcod.' " Baker v. Los Angeles Herald Examiner, 721 P.2d 87, 90 (Cal.1986) (quoting Old Dominion Branch No. 496 Nat'l Assoc. of Letter Carriers v. Austin, 418 U.S. 264, 283 (1974)). Black's alleges that O'Neill made false statements to hospitals served by Black about Black's competence. Black claims that these statements prompted hospitals served by Black to complain about his performance. Morever, Black fails to identify with specificity what any of O'Neill's defamatory statements were. Moreover, Black fails to offer any evidence to show that the hospitals' complaints resulted from O'Neill's statements rather than his, own failure to adequately service these hospitals.
 
 D
 
 15
 Fourth, Black asserts a claim against O'Neill for intentional and negligent interference with economic advantage. The elements of the cause of action for the tort of interference with economic advantage are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relatiolship; and (5) economic harm proximately caused by the acts of the defendant. Fisher v. San Pedro Peninsula Hosp., 262 Cal.Rptr. 842, 858 (Cal.Ct.App.1989).
 
 
 16
 Black contends that O'Neill deprived him of economic benefits by removing him from many hospital accounts. However, Black offers no evidence to show that the realignment of Baxter sales territories that occurred in 1991 was the product of O'Neill's intent toe deprive Black of economic benefits. On the other hand, Baxter offers evidence to demonstrate that all of the sales representatives who worked under O'Neill were assigned new territories as a result of Baxter's decision to restructure its sales force. Consequently, Black's claim against O'Neill for intentional interference with prcspective economic advantage fails.
 
 
 17
 To demonstrate negligent interence with prospective economic, advantage, Black is required to show that O'Neill breached a duty of care. J'Aire Corp. v. Gregory, 598 P.2d 60, 64 (Cal.1979). Black produced no evidence to show that O'Neill failed to use ordinary care in his employment relationship with Black. On the contrary, O'Neill repeatedly offered suggestions to Black as to how to improve his job performance.
 
 E
 
 18
 Fifth, Black asserts claims for intentional and negligent misrepresentation of fact against Baxter. To establish a cause of action for misrepresentation of fact, a plaintiff must prove: (1) misrepresentation; (2) defendant's knowledge of the statement's falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Medical Group, Inc., 938 P.2d 903, 917 (Cal.1997). Black, claims that Baxter made representations to him promising that Baxter would not discriminate against him. Because Black cannot show that Baxter ever denied him equal treatment, he cannot show that this alleged promise was ever violated.
 
 F
 
 19
 Finally, Black asserts claims against O'Neill and Baxter for intentional and negligent infliction of emotional distress. To prove intentional infliction of emotional distress, a plaintiff must show: (1) outrageous conduct by the defendant; (2) defendant's intention of causing or reckless disregard of the prohability of causing emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. Bogard v. Employers Cas. Co., 210 Cal.Rptr. 578, 587 (Cal.Ct.App.1985). Black alleges that he is currently under the care of a psychologist and that he has become seclusive and anxious. He further contends that his current condition is the product of Baxter's termination of him on account of his race and age. Because Black has failed to demonstrate that Baxter terminated him on account of either his race or his age, his claim for intentional infliction of emotional distress also fails.
 
 
 20
 Meanwhile, Black's claim for negligent infliction of emotional distress is barred by the California Workers' Compensation Act, Cal. Lab.Code § 3200, et seq. The right to benefits under the California Workers' Compensation Act is an employee's exclusive remedy against his or her employer where the conditions for compensation under the Act exist. California Labor Code § 3600(a) provides that these conditions of compensation exist where, at the time of the injury: (1) both the employer and the employee are subject to the compensation provisions of the statute, and (2) the employee is performing services growing out of and incidental to his or her employment and is acting within the course and scope of his or her employment, either with or without negligence. Black argues that his claim for negligent infliction of emotional distress is not barred by the California Workers Compensation Act because Baxter and O'Neill were acting outside of thr ordinary course and scope of the employment relationship when they unlawfully discriminated against him based upon his race and his age. However, because Black fails to demonstrate that Baxter and O'Neill discriminated against him based upon his race and age, his argument that they were acting outside of the employment relationship is without merit.
 
 III
 
 21
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3