[S.F. No. 23983. Aug. 13, 1979.]

J'AIRE CORPORATION, Plaintiff and Appellant, v.
CRAIG A. GREGORY, Defendant and Respondent.

## COUNSEL

Timothy J. Crowley and Judith A. Jones for Plaintiff and Appellant.

James C. Monroe and Harry A. Allen for Defendant and Respondent.

## OPINION

**BIRD, C. J.**—Appellant, a lessee, sued respondent, a general contractor, for damages resulting from the delay in completion of a construction project at the premises where appellant operated a restaurant. Respondent demurred successfully and the complaint was dismissed. This court must decide whether a contractor who undertakes construction work pursuant to a contract with the owner of premises may be held liable in tort for business losses suffered by a lessee when the contractor negligently fails to complete the project with due diligence.

I

The facts as pleaded are as follows. Appellant, J'Aire Corporation, operates a restaurant at the Sonoma County Airport in premises leased from the County of Sonoma. Under the terms of the lease the county was to provide heat and air conditioning. In 1975 the county entered into a contract with respondent for improvements to the restaurant premises, including renovation of the heating and air conditioning systems and installation of insulation.

As the contract did not specify any date for completion of the work, appellant alleged the work was to have been completed within a reasonable time as defined by custom and usage. (Civ. Code, § 1657.) Despite requests that respondent complete the construction promptly, the work was not completed within a reasonable time. Because the restaurant could not operate during part of the construction and was without heat and air conditioning for a longer period, appellant suffered loss of business and resulting loss of profits.

Appellant alleged two causes of action in its third amended complaint. The first cause of action was based upon the theory that it was a third party beneficiary of the contract between the county and respondent. The second cause of action sounded in tort and was based upon negligence in

completing the work within a reasonable time. Damages of $50,000 were claimed.

Respondent demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) The trial court sustained the demurrer without leave to amend and the complaint was dismissed. On appeal only the sustaining of the demurrer to the second cause of action is challenged.

## II

In testing the sufficiency of a complaint, a reviewing court must assume the truth of all material allegations in the complaint (*Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241]), including the allegations of negligence and cause in fact. The only question before this court is whether a cause of action for negligent loss of expected economic advantage may be maintained under these facts.

Liability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff or to a class of which the plaintiff is a member. (*Richards* v. *Stanley* (1954) 43 Cal.2d 60, 63 [271 P.2d 23].) A duty of care may arise through statute or by contract. Alternatively, a duty may be premised upon the general character of the activity in which the defendant engaged, the relationship between the parties or even the interdependent nature of human society. (See *Valdez* v. *J.D. Diffenbaugh Co.* (1975) 51 Cal.App.3d 494, 505 [124 Cal.Rptr. 467].) Whether a duty is owed is simply a shorthand way of phrasing what is " 'the essential question—whether the plaintiff's interests are entitled to legal protection against the defendant's conduct.' " (*Dillon* v. *Legg* (1968) 68 Cal.2d 728, 734 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], quoting from Prosser, Law of Torts (3d ed. 1964) pp. 332-333. See also Prosser, Law of Torts (4th ed. 1971) pp. 324-327; Fleming, An Introduction to the Law of Torts (1967) pp. 43-50.)

This court has held that a plaintiff's interest in prospective economic advantage may be protected against injury occasioned by negligent as well as intentional conduct. For example, economic losses such as lost earnings or profits are recoverable as part of general damages in a suit for personal injury based on negligence. (*Connolly* v. *Pre-Mixed Concrete Co.* (1957) 49 Cal.2d 483, 489 [319 P.2d 343]; *Neumann* v. *Bishop* (1976) 59 Cal.App.3d 451, 462 [130 Cal.Rptr. 786].) Where negligent conduct causes injury to real or personal property, the plaintiff may

recover damages for profits lost during the time necessary to repair or replace the property. (*Reynolds* v. *Bank of America* (1959) 53 Cal.2d 49, 50-51 [345 P.2d 926].)

Even when only injury to prospective economic advantage is claimed, recovery is not foreclosed. ■ Where a special relationship exists between the parties, a plaintiff may recover for loss of expected economic advantage through the negligent performance of a contract although the parties were not in contractual privity. *Biakanja* v. *Irving* (1958) 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358], *Lucas* v. *Hamm* (1961) 56 Cal.2d 583 [15 Cal.Rptr. 821, 364 P.2d 685] and *Heyer* v. *Flaig* (1969) 70 Cal.2d 223 [74 Cal.Rptr. 225, 449 P.2d 161] held that intended beneficiaries of wills could sue to recover legacies lost through the negligent preparation of the will. (See also Prosser, Law of Torts (4th ed. 1971) p. 952.)

In each of the above cases, the court determined that defendants owed plaintiffs a duty of care by applying criteria set forth in *Biakanja* v. *Irving, supra,* 49 Cal.2d at page 650. ■ Those criteria are (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm. (See also *Connor* v. *Great Western Sav. & Loan Assn.* (1968) 69 Cal.2d 850, 865 [73 Cal.Rptr. 369, 447 P.2d 609, 39 A.L.R.3d 224].)[1]

■ Applying these criteria to the facts as pleaded, it is evident that a duty was owed by respondent to appellant in the present case. (1) The contract entered into between respondent and the county was for the renovation of the premises in which appellant maintained its business. The contract could not have been performed without impinging on that business. Thus respondent's performance was intended to, and did, directly affect appellant. (2) Accordingly, it was clearly foreseeable that any significant delay in completing the construction would adversely affect appellant's business beyond the normal disruption associated with

---

[1]Countervailing public policies may preclude recovery for injury to prospective economic advantage in some cases, such as the strong public policy favoring organized activity by workers. Accordingly, interference with the prospective economic advantage of an employer or business has traditionally not been considered tortious when it results from union activity, including picketing, striking, primary and secondary boycotts or similar activity, that is otherwise lawful and reasonably related to labor conditions. (See, e.g., *C.S. Smith Met. Market Co.* v. *Lyons* (1940) 16 Cal.2d 389, 397-400 [106 P.2d 414]; *Fortenbury* v. *Superior Court* (1940) 16 Cal.2d 405, 409-410 [106 P.2d 411].) The present case does not alter this principle.

such construction. Appellant alleges this fact was repeatedly drawn to respondent's attention. (3) Further, appellant's complaint leaves no doubt that appellant suffered harm since it was unable to operate its business for one month and suffered additional loss of business while the premises were without heat and air conditioning. (4) Appellant has also alleged that delays occasioned by the respondent's conduct were closely connected to, indeed directly caused its injury. (5) In addition, respondent's lack of diligence in the present case was particularly blameworthy since it continued after the probability of damage was drawn directly to respondent's attention. (6) Finally, public policy supports finding a duty of care in the present case. The wilful failure or refusal of a contractor to prosecute a construction project with diligence, where another is injured as a result, has been made grounds for disciplining a licensed contractor. (Bus. & Prof. Code, § 7119.)[2] Although this section does not provide a basis for imposing liability where the delay in completing construction is due merely to negligence, it does indicate the seriousness with which the Legislature views unnecessary delays in the completion of construction.

In light of these factors, this court finds that respondent had a duty to complete construction in a manner that would have avoided unnecessary injury to appellant's business, even though the construction contract was with the owner of a building rather than with appellant, the tenant. ▮ It is settled that a contractor owes a duty to avoid injury to the person or property of third parties. (See *Stewart* v. *Cox* (1961) 55 Cal.2d 857, 862-863 [13 Cal.Rptr. 521, 362 P.2d 345].) As appellant points out, injury to a tenant's business can often result in greater hardship than damage to a tenant's person or property. ▮ Where the risk of harm is foreseeable, as it was in the present case, an injury to the plaintiff's economic interests should not go uncompensated merely because it was unaccompanied by any injury to his person or property.

To hold under these facts that a cause of action has been stated for negligent interference with prospective economic advantage is consistent with the recent trend in tort cases. This court has repeatedly eschewed overly rigid common law formulations of duty in favor of allowing compensation for foreseeable injuries caused by a defendant's want of ordinary care. (See, e.g., *Dillon* v. *Legg, supra,* 68 Cal.2d at p. 746 [liability for mother's emotional distress when child killed by defendant's

---

[2]Business and Professions Code section 7119, provides: "Wilful failure or refusal without legal excuse on the part of a licensee as a contractor to prosecute a construction project or operation with reasonable diligence causing material injury to another constitutes a cause for disciplinary action."

negligence]; *Rowland* v. *Christian* (1968) 69 Cal.2d 108, 119 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496] [liability of host for injury to social guest on premises]; cf. *Brown* v. *Merlo* (1973) 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505] [liability of automobile driver for injury to nonpaying passenger]; *Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669] [liability for loss of consortium].) Rather than traditional notions of duty, this court has focused on foreseeability as the key component necessary to establish liability: "While the question whether one owes a duty to another must be decided on a case-by-case basis, every case is governed by the rule of general application that all persons are required to use ordinary care to prevent others from being injured as the result of their conduct. . . . [F]oreseeability of the risk is a primary consideration in establishing the element of duty." (*Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36], fn. omitted.) Similarly, respondent is liable if his lack of ordinary care caused foreseeable injury to the economic interests of appellant.

In addition, this holding is consistent with the Legislature's declaration of the basic principle of tort liability, embodied in Civil Code section 1714, that every person is responsible for injuries caused by his or her lack of ordinary care.[3] (See *Rowland* v. *Christian, supra,* 69 Cal.2d at p. 119.) That section does not distinguish among injuries to one's person, one's property or one's financial interests. Damages for loss of profits or earnings are recoverable where they result from an injury to one's person or property caused by another's negligence. Recovery for injury to one's economic interests, where it is the foreseeable result of another's want of ordinary care, should not be foreclosed simply because it is the only injury that occurs.

Respondent cites *Fifield Manor* v. *Finston* (1960) 54 Cal.2d 632 [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813] for the proposition that recovery may not be had for negligent loss of prospective economic advantage. *Fifield* concerned the parallel tort of interference with contractual relations. (See Prosser, *supra,* Law of Torts (4th ed.) at p. 952.) There a nonprofit retirement home that had contracted with Ross to provide him with lifetime medical care sued a driver who negligently struck and killed Ross. The plaintiff argued it had become liable under

---

[3]Civil Code section 1714 provides in pertinent part: "(a) Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself."

the contract for Ross' medical bills and sought recovery from the driver, on both a theory of direct liability and one of subrogation. Recovery was denied.

The critical factor of foreseeability distinguishes *Fifield* from the present case. Although it was reasonably foreseeable that defendant's negligence might cause injury to Ross, it was less foreseeable that it would injure the retirement home's economic interest. Defendant had not entered into any relationship or undertaken any activity where negligence on his part was reasonably likely to affect plaintiff adversely. Thus, the nexus between the defendant's conduct and the risk of the injury that occurred to the plaintiff was too tenuous to support the imposition of a duty owing to the retirement home. (*Id.,* at p. 637.) In contrast, the nexus in the present case between the injury that occurred and respondent's conduct is extremely close. *Fifield* does not entirely foreclose recovery for negligent interference with prospective economic advantage.

Respondent also relies on *Adams* v. *Southern Pac. Transportation Co.* (1975) 50 Cal.App.3d 37 [123 Cal.Rptr. 216]. In *Adams* plaintiff employees were held unable to sue the railroad whose cargo of bombs exploded, destroying the factory where they worked. It should be noted that the Court of Appeal in *Adams* clearly believed that plaintiffs should be permitted to maintain an action for negligent interference with prospective economic interests. It reluctantly held they could not only under the belief that *Fifield* precluded such recovery.[4] Adhering to the *Fifield* rule, the Court of Appeal in *Adams* did not determine whether the railroad owed plaintiffs a duty of care. (50 Cal.App.3d at p. 47.) In the present case, plaintiff's injury stemmed directly from conduct intended to affect plaintiff and was more readily foreseeable than the damage to the employer's property in *Adams.* To the extent that *Adams* holds that there can be no recovery for negligent interference with prospective economic advantage, it is disapproved.

The chief dangers which have been cited in allowing recovery for negligent interference with prospective economic advantage are the possibility of excessive liability, the creation of an undue burden on freedom of action, the possibility of fraudulent or collusive claims and the often speculative nature of damages. (See, e.g., Prosser, *supra,* Law of

---

[4]The *Fifield* case has been the subject of some criticism. In addition to *Adams* v. *Southern Pac. Transportation Co., supra,* 50 Cal.App.3d 37, see, e.g., Note (1964) 16 Stan. L.Rev. 664, 671; Comment (1961) 34 So.Cal. L.Rev. 467; Comment (1961) 46 Iowa L.Rev. 876; Prosser, *supra,* Law of Torts (4th ed.) at page 940.

Torts (4th ed.) at p. 940 and Note, *Negligent Interference With Economic Expectancy: The Case for Recovery* (1964) 16 Stan.L.Rev. 664, 679-693, neither of which considers these fears to justify denial of recovery in all cases.) Central to these fears is the possibility that liability will be imposed for remote consequences, out of proportion to the magnitude of the defendant's wrongful conduct.

However, the factors enumerated in *Biakanja* and applied in subsequent cases place a limit on recovery by focusing judicial attention on the foreseeability of the injury and the nexus between the defendant's conduct and the plaintiff's injury. These factors and ordinary principles of tort law such as proximate cause are fully adequate to limit recovery without the drastic consequence of an absolute rule which bars recovery in all such cases. (See *Dillon* v. *Legg, supra,* 68 Cal.2d at p. 746.) Following these principles, recovery for negligent interference with prospective economic advantage will be limited to instances where the risk of harm is foreseeable and is closely connected with the defendant's conduct, where damages are not wholly speculative and the injury is not part of the plaintiff's ordinary business risk.

### III

■ Accordingly, this court holds that a contractor owes a duty of care to the tenant of a building undergoing construction work to prosecute that work in a manner which does not cause undue injury to the tenant's business, where such injury is reasonably foreseeable. The demurrer to appellant's second cause of action should not have been sustained. The judgment of dismissal is reversed.

Tobriner, J., Mosk, J., Manuel, J., and Newman, J., concurred.

Clark, J., and Richardson, J., concurred in the judgment.