[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTIONS TO STRIKE
The plaintiff, Jose DeVillegas, a corrections officer employed by the State of Connecticut at the Bridgeport Correctional Center, brings this action against the defendants, Quality Roofing, Inc., and Great American Northeast, Inc., to recover lost overtime pay and other economic damages.
The plaintiff alleges that the State entered into a contract in 1989 with Quality for the performance of roofing repairs at the correctional facility. Pursuant to the contract, Quality obtained an insurance policy from defendant Great American to indemnify the State for acts or omissions of Quality in its performance of the contract.
On July 3, 1990, a fire caused extensive damage to the correctional facility. The plaintiff alleges the fire was caused by the negligence of Quality, its agents and employees. He further alleges that he has lost overtime pay since the date of the fire.
Count one of the amended complaint asserts a negligence action against Quality. Count two alleges that Great American acted in bad faith in refusing to honor his claim for lost overtime pay. Count three alleges that Great American violated the Connecticut Unfair Trade Practices Act, General Statutes 42-110 et seq. ("CUTPA"), by refusing to honor the plaintiff's claim for lost overtime pay.
On December 21, 1992, Great American filed a motion to strike (#111) counts two and three of the plaintiff's amended complaint CT Page 10381 on the grounds:
 (1) that Great American only owes a duty to its insured, and not to a third party claimant such as the plaintiff;
 (2) that the plaintiff's CUTPA claim in count three is legally insufficient because the plaintiff has failed to allege that Great American's conduct constitutes a general business practice; and
 (3) that the plaintiff has failed to allege that defendant's acts were performed in the conduct of any trade or commerce.
On January 4, 1993, the plaintiff filed a revised amended three count complaint which contains the same claims as the plaintiff's earlier amended complaint. (At short calendar, the parties agreed that motion to strike #111 could be directed toward the plaintiff's revised amended complaint.) On January 29, 1993, Quality filed a motion to strike (#116) count one of the revised amended complaint on the ground that purely economic damages such as lost overtime pay are not recoverable in a negligence claim, in the absence of any allegations that the plaintiff sustained either personal injury or property damage.
A motion to strike tests the legal sufficiency of the allegations of a complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 540 A.2d 1185 (1988). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin 
Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992).
Great American's Motion to Strike Counts Two and Three (#111)
Great American moves to strike plaintiff's bad faith claim against it in count two (revised amended complaint) on the ground that the plaintiff failed to allege he is an insured of Great CT Page 10382 American.
"[I]n every insurance contract there is an implied covenant of good faith and fair dealing." L.F. Pace Sons, Inc. v. Traveler's Indemnity Co., 9 Conn. App. 30, 46, 514 A.2d 766
(1986), citing Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 575,510 P.2d 1032 (1973).
 "[T]he implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts. . . ." The concept of good faith and fair dealing is "[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. . . ."
(Citations omitted.) (Emphasis added.) Verrastro v. Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693 (1988).
The plaintiff does not allege he is an insured or a party to the contract of insurance issued by Great American. Thus, count two of plaintiff's revised amended complaint is stricken on the ground that it is legally insufficient. (The plaintiff attached various documents to its memorandum of law in opposition to Great American's motion. Evidence outside of the pleadings cannot be considered by the court in ruling on a motion to strike. See King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
[1985]; Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 [Super. Ct. 1979].)
Great American moves to strike count three of the plaintiff's revised amended complaint on the ground that the plaintiff, as a third-party claimant, cannot maintain a CUTPA action against an insurer. For insurance-related conduct to constitute a violation of CUTPA, the conduct must also constitute a violation of the Connecticut Unfair Insurance Practices Act, General Statutes38a-815 et seq. ("CUIPA"). Mead v. Burns, 199 Conn. 651, 663-66,509 A.2d 11 (1986). While the plaintiff does not explicitly mention CUIPA in count three of his complaint, when read in the light most favorable to the plaintiff, it alleges that Great American engaged in unfair claims settlement practices with respect to the plaintiff's claim for lost overtime pay. CT Page 10383
While the Connecticut Supreme Court has not ruled on the issue of whether a third-party claimant could maintain a CUTPA action against an insurer, a majority of Superior Court decisions hold that an action for unfair claims settlement practices against an insurer can only be brought by an insured, and not by a third party. Peterson v. Allstate Insurance Co., 7 CTLR 376, 378 (September 17, 1992, Hennessey, J.); State Vending, Inc. v. Wells Fargo Alarm Services, 6 CTLR 275 (April 3, 1992, McWeeny, J.); Wissler v. Paspastavrou, 1 Conn. L. Rptr. 737 (1990) (Berdon, J.); Taylor v. Nationwide Mutual Ins. Co., 3 CSCR 625
(June 22, 1988, McDonald, J.); Kyle v. Aetna Life Casualty Co.,3 CSCR 443, 444 (April 22, 1988); Thompson v. Aetna Life 
Casualty Co., 2 CSCR 648, 650 (May 15, 1987, Satter, J.).
Since the plaintiff does not allege that he is an insured of Great American, his CUTPA claim is legally insufficient. Therefore, Great American's motion to strike count three of the plaintiff's revised amended complaint is granted.
Quality's Motion to Strike Count One (#116)
The long established common law rule in this state is that in the absence of privity of contract between the plaintiff and defendant, or of an injury to the plaintiff's person or property, a plaintiff may not recover in negligence for a purely economic loss. Conn. Mutual Life Ins. Co. v. N.Y. N.H.R.R. Co.,25 Conn. 265, 276-77 (1856). See also Blake v. Levy, 191 Conn. 257,259, 464 A.2d 52 (1983).
 [A]s a general rule . . . a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other [person] unknown to the doer of the wrong. . . . The law does not spread its protection so far. . . .
Robins Dry Dock Repair Co. v. Flint, 275 U.S. 303, 309,48 S.Ct. 134, 72 L.Ed. 290 (1927). Accord, Kingston Shipping Co., Inc. v. Roberts, 667 F.2d 34 (11th Cir. 1982) (vessel owners could not recover economic losses resulting from the delayed passage of their vessels, where such delays were allegedly caused by the defendant's negligence); Local Joint Executive Board v. Stern, 651 P.2d 637 (Nev. 1982) (hotel employees could not recover lost wages due to hotel fire allegedly caused by CT Page 10384 defendant's negligence); United Textile Workers v. Lear Siegler Seating Corp., 825 S.W.2d 83 (Tenn.App. 1990) (employees at industrial park could not recover lost wages when park was closed due to a gas leak allegedly caused by defendant's negligence); Willis v. Georgia Northern Railway Co., 169 Ga. App. 743,314 S.E.2d 919 (1984) (employees could not recover lost wages due to the closure of their employer's plant which was allegedly caused by the negligence of defendant railway company); Stevenson v. East Ohio Gas Co., 73 N.E.2d 200 (Ohio App. 1946) (employees of neighboring company could not recover lost wages due to explosion and fire allegedly caused by the defendant's negligence); Aikens v. Baltimore Ohio R. Co., 348 Pa. Super. 17, 501 A.2d 277
(1985) (employees of manufacturing plant could not recover wages lost due to train derailment allegedly caused by defendant's negligence); Restatement (Second), Torts 766C. Contra, Mattingly v. Sheldon Jackson College, 743 P.2d 356 (Alaska 1987); Peoples Express Airlines v. Consolidated Rail, 100 N.J. 246, 495 A.2d 107
(1985); Hawthorne v. Kober Construction Co., Inc., 640 P.2d 467
(Mont. 1982); J'Aire Corp. v. Gregory, 24 Cal.3d 799,157 Cal.Rptr. 407, 598 P.2d 60 (1979) (all permitting recovery for negligent interference with economic expectancies in certain situations).
The plaintiff does not allege that he sustained any injury to his person or property, and has failed to allege that he is in privity of contract with Quality. Therefore, Quality's motion to strike is granted, as count one of the plaintiff's revised amended complaint is legally insufficient.
FREEDMAN, J. CT Page 10385