Ben R. BREED and Breed and Harvel Associates, Plaintiffs–Appellants,

v.

HUGHES AIRCRAFT COMPANY, HE–Holdings Inc., and Raytheon Company (now collectively known as Raytheon Company), Defendants–Appellees.

No. 01–1423.

United States Court of Appeals, Federal Circuit.

April 5, 2002.

Before MAYER, Chief Judge, RADER, and PROST, Circuit Judges.

PER CURIAM.

Ben R. Breed and Breed And Harvel Associates (collectively "Breed") appeal the May 17, 1999, judgment of the United States District Court for the Central District of California granting Hughes Aircraft Company, HE–Holdings, Inc., and Raytheon Corporation's (collectively "Hughes") motion for summary judgment. *Breed v. Hughes Aircraft Co.*, SACV 97–539–GLT (N.D.Cal. May 17, 1999). Because the district court did not properly determine inventorship of U.S. Patent No. 5,264,793, we *vacate* the judgment and *remand* the case as to that issue, but *affirm* as to all other matters.

We review a district court's grant of summary judgment *de novo*. *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1358, 61 USPQ2d 1216, 1218 (Fed.Cir.2001) (internal citations omitted). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.*, citing *Vanmoor v. Wal–Mart Stores, Inc.*, 201 F.3d 1363, 1365, 53 USPQ2d 1377, 1378 (Fed.Cir. 2000). Summary judgment is improper "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, all of the nonmovant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.* at 255, 106 S.Ct. 2505. Additionally, we review the court's conclusions on state law issues under the applicable state law for

matters that are not committed to our exclusive jurisdiction by statute. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1338, 47 USPQ2d 1769, 1783 (Fed.Cir.1998). We therefore apply California law to Breed's claims of breach of contract, and the torts of interference with prospective economic advantage, misappropriation of trade secrets, and unfair business practices. We apply Federal Circuit law to the issues pertaining to patent law.

On appeal, Breed challenges the district court's conclusion that no oral contract existed between Breed and Hughes. Specifically, Breed asserts that Bill Eaton, a senior engineer with Hughes, had either actual or ostensible authority to bind Hughes and entered into an oral agreement with Breed. "Actual authority is such as a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess." Cal. Civ.Code § 2316 (1985). Hughes provided Eaton with an approval authority card that specifically stated he had authority to spend only up to $250 and no authority to requisition purchase orders. Thus, Eaton had no actual authority to bind Hughes, and Hughes had not wantonly allowed him to believe he had such authority. "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." *Id.* § 2317. Breed argues that Eaton's authority is evidenced by statements made by Eaton regarding his managerial role in the magnetics defense technology field, Eaton's admission that he "ran" the magnetics program, and the fact that he signed Breed's time sheets. However, mere oversight of a project is insufficient to establish ostensible authority. When dealing with an assumed agent, the persons dealing with that agent are duty bound to ascertain the extent and nature of the authority. *S. Sacramento Drayage Co. v. Campbell Soup Co.*, 220 Ca.App.2d 851, 857–58, 34 Cal.Rptr. 137 (1963). Breed made no attempt to determine the nature and extent of Eaton's alleged authority.

Breed also argues that Hughes ratified his alleged oral agreement with Eaton. To have ratified the alleged oral agreement, Hughes must have had knowledge of the agreement and accepted or retained its benefit. *See* Cal. Civ. § 2310. Breed proffered no evidence that Hughes was aware of any offer made by Eaton.

Breed also challenges the district court's conclusion that Hughes did not intentionally or negligently interfere with Breed's prospective economic advantage. To establish the tort of intentional interference with prospective economic advantage, Breed must show: (1) an economic relationship between Breed and some third person containing the probability of future economic benefit; (2) knowledge by Hughes of the existence of the relationship; (3) intentional acts by Hughes designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to Breed proximately caused by Hughes. *Della Penna v. Toyota Motor Sales*, 11 Cal.4th 376, 389, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995). Breed must also prove that Hughes engaged in conduct that was wrongful by some legal measure other than the fact of the interference itself. *Id.* at 392–93, 45 Cal.Rptr.2d 436, 902 P.2d 740. For negligent interference, the requirements are the same except the third prong is replaced by the ordinary elements of negligence: duty, breach, causation, and actual damage. *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 803–804, 157 Cal. Rptr. 407, 598 P.2d 60 (1979). Breed argues that the wrongful act was Eaton's promise, and subsequent failure, to write a

letter of recommendation to help him earn funding. This argument fails because a breach of contract is insufficient to satisfy the wrongful act requirement of an interference claim. *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App.4th 464, 479, 54 Cal.Rptr.2d 888 (1996).

Breed also challenges the district court's conclusion that his causes of action for misappropriation of trade secrets and violation of the California Business and Professions Code § 17200 are barred by the statute of limitations. The statute of limitations for misappropriation of trade secrets is three years. Cal. Civ.Code § 3426.6. The statute of limitation for the tort of unfair business practices under section 17200 is four years. Cal. Bus. & Prof.Code § 17208 (1997). Breed alleges Hughes misappropriated his trade secrets and committed unfair business practices by acquiring and using his intellectual property through Eaton's alleged false promises. Breed admittedly was aware of Hughes's breach of the alleged oral agreement in 1991; therefore, both statutes of limitations had run by the time this lawsuit was filed in 1997. Breed argues that Hughes is estopped from asserting that his actions are time barred because of oral representations made by Eaton that Hughes would get a big contract and give work to Breed. These promises, if made, did not rise to the level of estoppel because they were not conditioned on Breed refraining from beginning litigation and could not reasonably cause detrimental reliance. *Kurokawa v. Blum*, 199 Cal. App.3d 976, 990–91, 245 Cal.Rptr. 463 (1988). Breed also argues that his section 17200 claim is not time barred because Hughes's misappropriations are continuing acts that extend beyond 1993. Misappropriation, however, is not a continuing tort, but accrues when the parties' confidential relationship is first violated. *Monolith*

*Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp.*, 407 F.2d 288, 292–93 (9th Cir.1969). The alleged violation occurred in 1991. Therefore, the action is time barred.

Lastly, Breed argues that the district court improperly dismissed his action for correction of inventorship under 35 U.S.C. § 256 of U.S. Patent No. 5,264,793. The district court thought this cause of action was moot because Hughes conceded that Breed should be added as an inventor and provided him with the necessary paperwork to effect the change. However, the correction of inventorship documents that Hughes sent to Breed were contingent on him assigning his rights in the patent back to Hughes. Whether Breed is contractually obligated to assign his rights to Hughes remains an open issue, therefore we remand the case to the district court for further proceedings.