Thomas **RACHFORD**, Wendy Albright, Mark Luthi, and Neil Gallagher, Plaintiffs—Appellants,

v.

**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL**; Emery Worldwide Airlines, Inc.; Menlo Worldwide Forwarding, Inc.; and CNF INC., Defendants—Appellees.

No. 06–16938.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2008.

Filed July 2, 2008.

As Amended on Denial of Rehearing and Rehearing En Banc Aug. 11, 2008.

Marty Harper, Andrew S. Jacob, Shughart Thomson & Kilroy P.C., Phoenix, AR, G. Stephen Long, John D. Phillips, Shughart Thomson & Kilroy, P.C. Denver, CO, for Plaintiffs–Appellants.

Stephen P. Berzon, Jeffrey B. Demain, Altshuler Berson LLP, Michael C. Hallerud, Kent Jonas, Thelen Reid Brown Raysman & Steiner LLP, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, WALKER *, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Plaintiffs Thomas Rachford, Wendy Albright, Neil Gallagher, and Mark Luthi ("the Emery pilots"), appeal the dismissal of their claims against defendants Emery Worldwide Airlines ("EWA"), Emery Air Freight Corp. d/b/a Emery Air Freight Forwarding, Inc. a/k/a Menlo Worldwide Forwarding, Inc. ("EWW"), and CNF, Inc. ("CNF") alleging that the defendants intentionally and/or negligently disrupted certain contracts entered between the Emery pilots' union and the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1332(a). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review a district court's "dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ... de novo." *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir.1995). If, after taking all factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff, "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief[,]" the complaint should be

dismissed. *Id.* (internal quotation marks and citation omitted).

Plaintiffs claim that the defendants intentionally and/or negligently interfered with two agreements: (1) the Collective Bargaining Agreement or CBA, entered between EWA and the plaintiffs' collective bargaining representative, Air Line Pilots Association, International ("ALPA"); and (2) the Letter of Agreement or LOA, entered between ALPA, EWW, and EWA. The district court's dismissal was appropriate as to plaintiffs' claims under each agreement.

■ Because the LOA contained a binding arbitration provision, the district court ordered that plaintiffs' claims alleging breach of the LOA by EWW be arbitrated. After hearing the parties' claims at arbitration, the arbitrator ruled in favor of EWW. In its written "Opinion and Award" ("O&A") dated April 6, 2008, the arbitrator found that the Emery pilots "cannot show a breach by EWW of the express terms of the LOA." O&A at 14. The arbitrator further held that the Emery pilots could not "show as a matter of law that the LOA contained implied terms breached by any contractually required conduct of EWW." O&A at 14. This finding precludes the plaintiffs from proving that defendants intentionally interfered with the LOA.

"To prevail on a cause of action for intentional interference with contractual relations, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption

---

* The Honorable John M. Walker, Jr., Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Reeves v. Hanlon*, 33 Cal.4th 1140, 17 Cal. Rptr.3d 289, 95 P.3d 513, 517 (2004). Because we granted the defendants' motion to take judicial notice of the arbitrator's ruling, and because the arbitrator ruled that the LOA did not create an obligation that required EWW to fund EWA's maintenance costs, the Emery pilots cannot prove tortious interference with contractual relations. *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320–21 (9th Cir.1992) ("An arbitration decision can have res judicata or collateral estoppel effect.... [If after] mak[ing] an examination of the record ..., the issue for which preclusion is sought is the only rational one the factfinder could have found, then that issue is considered foreclosed.").

The arbitrator unequivocally found that plaintiffs "cannot show a breach" of the LOA. O&A at 14. Thus, the only way that the arbitrator's decision might not foreclose plaintiffs' claims is if they could prove that the LOA was nevertheless "disrupted" by the defendants. However, the arbitrator's decision necessarily forecloses plaintiffs from being able to show such a "disruption." A claim for intentional interference with contractual relations requires both an enforceable agreement (i.e. an enforceable obligation) and a disruption of that agreement. Here, however, the arbitrator found that the contract did not contain the obligation that the plaintiffs claimed was disrupted. Because the LOA did not require that EWW provide financial assistance to EWA to aid it in maintaining its fleet, plaintiffs cannot show that this purported obligation was disrupted. The district court's dismissal was therefore proper as to the intentional interference with contract claim based on the LOA.

The district court's dismissal of the claim for negligent interference with contract based on the LOA was proper for the same reason. Though it is unclear whether California recognizes a cause of action for negligent interference with contract, it is clear that those California courts that might allow such a suit to proceed require that the contract contain an enforceable obligation that was in fact breached or disrupted. *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 157 Cal.Rptr. 407, 598 P.2d 60, 62–63 (1979). Here, plaintiffs claim that the LOA created such an obligation and that that obligation was breached. However, the arbitrator specifically ruled that the LOA did not create a duty, express or implied, that required EWW to fund EWA's maintenance. Thus, even if California were to allow a suit for negligent interference with contract, the arbitrator's ruling forecloses the plaintiffs' ability to prove such a claim here.

■ With regard to plaintiffs' claims based on the CBA, the district court ruled that those claims were preempted by the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.* The RLA, "which was extended in 1936 to cover the airline industry, is similar to the National Labor Relations Act ("NLRA") in that it regulates the process of negotiations for the creation and modification of collective bargaining agreements." *Air Transp. Ass'n of Am. v. City and County of San Francisco*, 266 F.3d 1064, 1075 (9th Cir.2001). We have interpreted the RLA to preempt state laws and lawsuits "that depend upon the interpretation of CBAs ... because the interpretation or application of existing labor agreements are the exclusive jurisdiction of the arbitrational bodies created by the RLA." *Id.* at 1076. Here, the district court found that in order to prove intentional interference with contract, the plaintiffs were required to show that the CBA

was breached or disrupted. The district court found that this could not occur, however, without interpreting the CBA. The district court correctly determined that the intentional interference with contract claims based on the CBA were preempted.

This Court's decision in *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401 (9th Cir.1991) fully supports the district court's conclusion. In that case, we held that the LMRA preempted a claim for intentional interference with contract because "a court could not determine whether [the defendant] induced a breach of the employees' contracts ... without construing the terms of the underlying contracts." *Id.* at 1412. In the instant case, the defendants contend that the CBA was not breached because the agreement excused furloughs caused by FAA actions. There is no way for a court to determine whether a breach occurred without interpreting the CBA.

Plaintiffs contend that *Milne* is no longer good law. Plaintiffs are incorrect. Though *Milne* was decided before *Hawaiian Airlines v. Norris*, 512 U.S. 246, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994), which restricted the scope of the RLA, *Milne* is consistent with the Supreme Court's holding in *Norris*. As this Court's post-*Norris* decisions make clear, the RLA will preempt a state law claim where that claim "is dependent on the interpretation of a collective bargaining agreement." *Espinal v. Northwest Airlines*, 90 F.3d 1452, 1456 (9th Cir.1996). Here, as in *Milne*, the state law claim cannot proceed unless the CBA was breached and whether such a breach occurred depends on how the CBA is interpreted. The district court's dismissal of the intentional interference with

contract claim based on the CBA was therefore proper.[1]

On December 7, 2006, plaintiffs filed an "Unopposed Motion to Dismiss Appeal of Judgment Dismissing the First Claim for Relief as Moot, and to Vacate that Judgment and Remand to Dismiss that Claim Without Prejudice."

The appeal from the judgment dismissing the first claim for relief is **DISMISSED**. The judgment dismissing the first claim for relief is **VACATED** and the case is **REMANDED** with instructions to dismiss that claim without prejudice. The judgment dismissing the remaining claims is **AFFIRMED**.

**AFFIRMED** in part; **DISMISSED, VACATED**, and **REMANDED** in part.

---

1. Again, it is unclear whether the California courts would allow a claim for negligent interference with the CBA, but, in any event, determining whether a duty exists and whether the contract was in fact interfered with depends on how the CBA is interpreted. The district court therefore correctly determined that this claim was preempted as well.