MEMORANDUM *
We address here whether, under California law, a plaintiff who is not in privity with the defendant may recover purely economic loss in actions for negligent performance of services and negligent misrepresentation. We must apply California law as we believe the California Supreme Court would apply it. Gravquick A/S v. Trimble Navigation Int’l Ltd., 323 F.3d 1219, 1222 (9th Cir.2003). We affirm in part, reverse in part, and remand.
Appellant and Cross-Appellee, Kalitta Air, L.L.C. (“Kalitta”), brought claims of negligence and negligent misrepresentation against Appellee and Cross-Appellant, Central Texas Airborne Systems, Inc. (“Texas Airborne”). After a jury trial resulted in a mistrial, the district court granted Texas Airborne’s renewed motion for Judgment as a Matter of Law (“JMOL”) as to Kalitta’s negligence claim, and denied Texas Airborne’s JMOL motion as to Kalitta’s negligent misrepresentation claim. Kalitta appeals and Texas Airborne cross-appeals. We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(b).
We review de novo the district court’s grant or denial of a renewed motion for judgment as a matter of law. Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir.2002). In reviewing a judgment as a matter of law, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).
*605 DISCUSSION
Generally speaking, in actions for negligence, liability is limited to damages for physical injuries and recovery of economic loss is not allowed. Aas v. Superior Court, 24 Cal.4th 627, 101 Cal.Rptr.2d 718, 12 P.3d 1125, 1130-31 (2000) (citing Seely v. White Motor Co., 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145, 151 (1965)). In the absence of (1) personal injury, (2) physical damage to property, (3) a “special relationship” existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed. See J’Aire Corp. v. Gregory, 24 Cal.3d 799, 157 Cal.Rptr. 407, 598 P.2d 60, 62-63 (1979).
This case does not involve personal injury.
As to physical damage to property, the district court determined that the underlying contract had characteristics of a contract both for services and for a product. Under a product liability analysis, recovery is limited solely to “physical harm to person or property.” Jimenez v. Superior Court, 29 Cal.4th 473, 127 Cal.Rptr.2d 614, 58 P.3d 450, 456 (2002) (citing Seely, 45 Cal.Rptr. 17, 403 P.2d at 151). Economic loss, including “damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits,” are not recoverable without a claim of personal injury or physical damage to “other property, that is, property other than the product itself.” Id. (emphasis and internal quotation marks omitted). The district court determined that there was insufficient evidence to allow a jury to conclude that there was damage to property other than the product itself.
We need not decide whether the district court properly identified the “product.” If the aircraft were deemed the product, there is no evidence of property damage to anything other than the modified portion of the aircraft itself. Even if the modified portion of the aircraft were the product, viewing the evidence in the light most favorable to Kalitta, we agree with the district court that there is insufficient evidence to allow a jury to conclude that there was actual, present, and appreciable damage to property other than the product itself. Under either analysis, based on the evidence in the record, economic loss is not recoverable in this case under a product liability theory.
As to the special relationship between the parties, the district court erred in its application of the J’Aire special relationship analysis. Therefore, we reverse the district court with regard to Texas Airborne’s renewed JMOL motion as to Kalitta’s negligence claim.
The California Supreme Court has consistently employed a six factor “special relationship” analysis to determine whether a plaintiff lacking privity with a defendant may recover purely economic loss in claims for negligent performance of services. See J’Aire, 157 Cal.Rptr. 407, 598 P.2d at 63 (finding a “special relationship” to allow recovery of lost business and lost profits arising out of negligent performance of renovation services by a defendant not in privity with the plaintiff); see also Aas, 101 Cal.Rptr.2d 718, 12 P.3d at 1138 (applying the “special relationship” analysis to a claim for economic loss in a negligence action brought by a homeowner not in privity with a building contractor to recover costs to repair defective construction, but denying the claim because plaintiff showed no present injury).
Under J’Aire, the court looks at six criteria to determine the existence of a special relationship:
(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plain *606 tiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant’s conduct and the injury suffered, (5) the moral blame attached to the defendant’s conduct and (6) the policy of preventing future harm.
J’Aire, 157 Cal.Rptr. 407, 598 P.2d at 63.
In the present case, the district court did not properly and fully apply J’Aire. First, the district court, citing Aas, misinterpreted California law by stating, “the California Supreme Court has confirmed that the presence of one of the J’Aire special relationship factors, ‘the degree of certainty that the plaintiff suffered injury,’ creates an exception to the economic loss rule.” We hold that the California Supreme Court has not identified “the degree of certainty that the plaintiff suffered injury” as an exception to the economic loss rule. Rather, the court has identified this factor as one of six in determining whether a special relationship exists that would permit recovery of purely economic losses in negligence. See J’Aire, 157 Cal.Rptr. 407, 598 P.2d at 63; Aas, 101 Cal.Rptr.2d 718, 12 P.3d at 1138.
In J’Aire, the California Supreme Court fully considered each of the six factors and found a special relationship justifying recovery of economic loss. J’Aire, 157 Cal.Rptr. 407, 598 P.2d at 63-64. In Aas, the court again discussed all six factors, concluding that no special relationship existed because, while factors one and four were present, factors two, three, five, and six were not. Aas, 101 Cal.Rptr.2d 718, 12 P.3d at 1137-39. In the present case, the district court erred by not fully considering all six factors.
Second, the district court erred by improperly limiting the scope of Kalitta’s injury in its J’Aire analysis. Specifically, in discussing the third factor, the district court limited its consideration of Kalitta’s injury to “physical damage to its property other than the ‘product’ provided by [Texas Airborne],” or to “involuntary, out-of-pocket losses.” However, neither J’Aire nor Aas limit consideration of the third factor to “physical damage to property” nor to “involuntary, out-of-pocket losses.” We read Aas as merely reaffirming that “appreciable, nonspeculative, present injury is an essential element of a tort cause of action.” See Jimenez, 127 Cal.Rptr.2d 614, 58 P.3d at 456 (construing Aas, 101 Cal.Rptr.2d 718, 12 P.3d at 1138). We also find it highly informative that J’Aire specifically looked at loss of business and lost profits as evidence satisfying the third factor. J’Aire, 157 Cal.Rptr. 407, 598 P.2d at 63. Were we to permit the district court’s narrow interpretation of Aas and J’Aire, we would create an untenable result where the type of injury expressly considered in J’Aire would not be considered in this case under the J’Aire factors.
For purposes of determining whether a special relationship exists, the district court’s error precluded proper consideration of evidence of Kalitta’s present injury. On remand the district court shall weigh all six J’Aire factors, without limiting the definition of injury to property damage and involuntary, out-of-pocket expenses. Instead, in applying J’Aire, the district court shall consider all admissible evidence of “appreciable, nonspeculative, present injury,” including evidence of loss of business and profits. If the district court finds that a “special relationship,” as articulated in J’Aire, exists between Kalit-ta and Texas Airborne, then the economic loss rule will not preclude recovery of purely economic loss in this case.
Kalitta asks this court to hold that the California economic loss rule does not apply to claims of negligence arising out of contracts for services. Supporting this proposition, Kalitta cites North American Chemical Co. v. Superior Court, 59 Cal.App.4th 764, 69 Cal.Rptr.2d 466, 475 *607 (1997). We do not decide this question of California law because it is not determinative. If we were to hold that the economic loss rule does not apply to a claim grounded in the performance of services, the district court must still apply the six criteria set forth in J’Aire to justify recovery of economic loss caused by the negligent performance of a contract. See North American, 69 Cal.Rptr.2d at 479 (stating that the economic loss rule did not bar a negligence claim grounded in the negligent performance of services and applying the JAire criteria to justify recovery of economic loss caused by negligent performance of a contract). Likewise, if we were to hold that the economic loss rule applies, and the “special relationship” analysis applied in JAire represents a narrow exception, the district court must properly apply JAire on remand. See Zamora v. Shell Oil Co., 55 Cal.App.4th 204, 63 Cal.Rptr.2d 762, 766 (1997) (“JAire sets forth a limited exception to the general rule that economic loss alone is insufficient to state a negligence cause of action....”); Ales-Peratis Foods Int'l, Inc. v. Am. Can Co., 164 Cal.App.3d 277, 209 Cal.Rptr. 917, 921-23 (1985) (deciding not to reach the issue of whether California law requires a showing of physical harm or property damage as a prerequisite to a recovery for economic loss in a negligence suit, and instead finding JAire to provide an exception to the economic loss rule).
In either case, the economic loss rule will not bar Kalitta’s negligence claim and recovery of economic loss, so long as Kalit-ta can satisfy the multifactor “special relationship” test applied in JAire. See J'Aire, 157 Cal.Rptr. 407, 598 P.2d at 63; Aas, 101 Cal.Rptr.2d 718, 12 P.3d at 1137-40 (applying JAire); Ales-Peratis Foods, 209 Cal.Rptr. at 921 (same); North American, 69 Cal.Rptr.2d at 479 (same).
We also affirm the district court’s order denying Texas Airborne’s motion for JMOL with respect to Kalitta’s negligent misrepresentation claim. We hold that California law classifies negligent misrepresentation as a species of fraud, see Bily v. Arthur Young & Co., 3 Cal.4th 370, 11 Cal.Rptr.2d 51, 834 P.2d 745, 768 (1992), for which economic loss is recoverable. See Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 22 Cal.Rptr.3d 352, 102 P.3d 268, 275 & n. 7 (2004).
CONCLUSION
Because the district court misapplied the JAire “special relationship” analysis, we reverse and remand the negligence claim to the district court for further proceedings consistent with this memorandum. We affirm the district court’s denial of JMOL on the negligent misrepresentation claim. Each party shall bear its own costs.
AFFIRMED in part; REVERSED in part; and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.