**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON TECZA, | No. 10-16270 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-03808-RS |
| v. | |
| UNIVERSITY OF SAN FRANCISCO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted June 12, 2013
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and MARSHALL, Senior District
Judge.[**]

Jason Tecza ("Tecza") appeals the district court's dismissal of his complaint

against the University of San Francisco ("USF") for failure to state a claim under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Consuelo B. Marshall, Senior District Judge for the
U.S. District Court for the Central District of California, sitting by designation.

Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.

We review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6). *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010). Where, as here, the complaint was drafted by a pro se plaintiff, we construe the complaint liberally. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In addition, where claims involve questions of state law, we are "bound by the decision of the highest state court," and, "[i]n the absence of such a decision, [we] must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *In re Kirkland*, 915 F.2d 1236, 1238–39 (9th Cir. 1990).

1. With regard to Tecza's negligence claim, we agree with the district court that Tecza failed to allege sufficient facts showing that USF owed him a duty of care. *See J'Aire Corp. v. Gregory*, 598 P.2d 60, 62 (Cal. 1979). Tecza has not shown that the California Supreme Court would recognize a common-law duty of care here, *see O'Neil v. Crane Co.*, 266 P.3d 987, 1006 (Cal. 2012), and to the extent Tecza argues that USF had a duty based on its contractual relationship with him, any such duty is better enforced through Tecza's claim for breach of contract,

2

*Erlich v. Menezes*, 981 P.2d 978, 983–84 (Cal. 1999); *see also Aas v. Super. Ct.*, 12 P.3d 1125, 1135 (Cal. 2000). Accordingly, we affirm the district court's dismissal of Tecza's negligence claim.

2. We also agree that Tecza failed to state a claim under California's Unfair Competition Law. *See* Cal. Bus. & Prof. Code § 17200 *et seq*. Even assuming that Tecza's complaint should be read to allege that this claim is based on USF's violation of policies in its handbooks, Tecza has failed to allege any actions by USF that would constitute a business practice. *Cf. Barquis v. Merchs. Collection Ass'n of Oakland, Inc.*, 496 P.2d 817, 831 (Cal. 1972) (in bank). Accordingly, we affirm the district court's dismissal of Tecza's California Unfair Competition Law claim.

3. We conclude, however, that the district court erred in dismissing Tecza's contract claim. Under California law, to assert a claim for breach of contract a plaintiff must show: "(1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 78 Cal. Rptr. 2d. 725, 733 (Ct. App. 1998). The district court concluded that Tecza failed to allege the first element—the existence of a contract. But USF effectively conceded at oral argument that such a contract existed. And, in any event, the California Supreme Court likely would

3

conclude that a general contractual relationship existed between Tecza and USF, and that the contract included the terms Tecza quoted out of USF's Student Disability Services Handbook, including USF's promise to keep all information pertaining to Tecza's disability confidential. *See Kashmiri v. Regents of Univ. of Cal.*, 67 Cal. Rptr. 3d 635, 646–47 (Ct. App. 2007); *Zumbrun v. Univ. of S. Cal.*, 101 Cal. Rptr. 499, 504 (Ct. App. 1972); *cf. Paulsen v. Golden Gate Univ.*, 602 P.2d 778, 783 (Cal. 1979) (in bank).

We thus reverse the district court's dismissal of Tecza's breach of contract claim. Since the district court did not consider the other elements of this claim, beyond the existence of a contract, we remand to the district court for its consideration of the remaining elements in the first instance.

4.  We also conclude that the district court erred in dismissing Tecza's common-law invasion of privacy claim for public disclosure of private facts. To establish the tort of public disclosure of private facts, a plaintiff must show "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Grp. W Prods., Inc.*, 955 P.2d 469, 478 (Cal. 1998). The district court concluded that Tecza failed to allege the second element—that the facts disclosed were private. We disagree. Tecza sufficiently alleged that

4

information disclosed by USF regarding his accommodations was not already public knowledge. *See Gill v. Hearst Pub. Co.*, 253 P.2d 441, 444 (Cal. 1953) (in bank); *Sipple v. Chronicle Publ'g Co.*, 201 Cal. Rptr. 665, 669 (Ct. App. 1984). Moreover, to the extent that USF's disclosure indirectly revealed some underlying medical information—that Tecza likely had a disability and some additional information that might allow a person to make inferences about the general nature of Tecza's disability—California courts have considered medical information to be a private fact. *See Jeffrey H. v. Imai, Tadlock & Keeney*, 101 Cal. Rptr. 2d 916, 920–21 (Ct. App. 2001); *cf. Hill v. Nat'l Collegiate Athletic Assn.*, 865 P.2d 633, 657–58 (Cal. 1994).

We thus reverse the district court's dismissal of Tecza's claim of public disclosure of private facts. Since the district court did not consider the other elements of this claim, we remand to the district court for its consideration of the remaining elements in the first instance.

5. With regard to Tecza's claim for invasion of privacy under the California Constitution, the district court failed to address this claim in its decision. Although Tecza did not allege constitutional privacy as a separate cause of action in his complaint, he did specifically allege the claim. Since we construe complaints drafted by pro se plaintiffs liberally, *see Wolfe*, 392 F.3d at 362, the district court

5

should have considered Tecza's constitutional privacy claim. We thus remand to the district court for its consideration of this claim in the first instance.

The parties shall bear their own costs on appeal.

AFFIRMED in part, REVERSED and REMANDED in part.