NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEITH ANDREWS; ALEXANDRA B. GEREMIA, as Trustee for the Alexandra Geremia Family Trust dated 8/5/1998; TIFFANI ANDREWS; SARAH RATHBONE; RICHARD LILYGREN; BACIU FAMILY, LLC, a California limited liability company; JACQUES HABRA; HWA HONG MUH; MIKE GANDALL; EAGLE FLEET LLC, a California limited liability company; ROBERT BOYDSTON; SOUTHERN CAL SEAFOOD, INC., a California corporation; PACIFIC RIM FISHERIES, INC., a California corporation; OCEAN ANGEL IV, LLC, a California limited liability company; ZACHARY FRAZIER; COMMUNITY SEAFOOD LLC, a California limited liability company; JIM GUELKER; CAPTAIN JACK'S SANTA BARBARA TOURS, LLC, A California limited liability company; MORGAN CASTAGNOLA; WEI INTERNATIONAL TRADING INC., a California corporation; ISURF, LLC, a California limited liability company; TRACTIDE MARINE CORP., a California corporation; SANTA BARBARA UNI, INC., a California corporation; STEPHEN WILSON, an individual, individually and on behalf of others similarly situated; MARY KIRKHART; MARK KIRKHART,

No.    18-55850

D.C. No.
2:15-cv-04113-PSG-JEM

MEMORANDUM*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs-Appellees,

v.

PLAINS ALL AMERICAN PIPELINE,
L.P., a Delaware limited partnership;
PLAINS PIPELINE, L.P., a Texas limited
partnership,

Defendants-Appellants.

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted June 11, 2019
Pasadena, California

Before: FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

Plains All American Pipeline, L.P. and Plains Pipeline, L.P. (Plains) appeal the district court's certification of the Oil Industry subclass, which seeks recovery for economic injury suffered as a result of the shutdown of Plains' crude oil pipeline (the Pipeline) after the May 2015 Santa Barbara oil spill. Plains challenges the district court's predominance determination under Federal Rule of Civil Procedure 23(b)(3). We have jurisdiction under 28 U.S.C § 1292(e) and Federal Rule of Civil Procedure 23(f). We review the district court's decision to certify the class for an abuse of discretion. *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1115 (9th Cir. 2017). We reverse.

The district court abused its discretion by concluding that common issues predominate over individual questions for the class as currently defined. The district court acknowledged that the class includes "a diverse collection of parties potentially scattered across the globe," that some class members were not injured as a result of the shutdown, and that some of the "myriad businesses" potentially "were subject to varying factors other than the oil spill that might affect their success and profitability." However, the district court did not address how the scope of the class and the nature of the negligence claims at issue give rise to "non-common, aggregation-defeating, individual issues" that will predominate over the common issues regarding Plains' alleged negligence. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016).

The class includes "[i]ndividuals and entities who were employed, or contracted, to work on or to provide supplies, personnel, or services for the operations of" the facilities reliant on the Pipeline. Therefore the class embraces both members who provided core services or supplies to the facilities, as well as members who provided incidental, subcontracted services to the facilities, such as a pest control company or telecommunications provider. The disparity in class members' connection to the facilities and to Plains will require individuals to present varying evidence as to whether they suffered any economic injury, whether Plains was liable for that injury, and whether the economic loss doctrine bars

3

recovery. These individualized inquiries go to key elements of the class's claims, and the district court abused its discretion by concluding that this disparity would affect only damage calculations.

Contrary to the district court's conclusion, that class members have a contractual relationship with the facilities and were "exposed" to the Pipeline shutdown is not common proof that the class was impacted by Plains' alleged misconduct. *See Just Film*, 847 F.3d at 1120 ("To gain class certification, Plaintiffs need to be able to allege that their damages arise from a course of conduct that impacted the class."). The district court relied on inapposite cases in which exposure to the alleged misconduct was itself the injury or was the sole cause of the injury. *See, e.g.*, *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125 (9th Cir. 2016); *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150 (9th Cir. 2016). Here, causation and injury are necessary elements of the class's claims, *see Baptist v. Robinson*, 49 Cal. Rptr. 3d 153, 167 (Ct. App. 2006); *Redfearn v. Trader Joe's Co.*, 230 Cal. Rptr. 3d 98, 111 (Ct. App. 2018), and, as the district court acknowledged, class members were subject to varying economic factors that could have caused their economic injury, to the extent they suffered an injury at all.

Nor did Peter Rupert's economic loss model provide common proof of causation and injury.[1] Rupert's model showed the Pipeline shutdown's general

---

[1] The district court abused its discretion by failing to "judg[e] the

impact: a 34 percent decrease in employment in the local oil and gas industry due to the shutdown. Accordingly, Rupert's model indicates that many employees within the class likely were not injured. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595–96 (9th Cir. 2012) (concluding that predominance was defeated because many class members were not injured). Moreover, Rupert's model does not address whether businesses within the class suffered any economic injury or whether the shutdown caused that injury. *See Just Film*, 847 F.3d at 1120. Because individual class members will need to present varying evidence to demonstrate causation and injury in order to fill the gaps in Rupert's model, common issues of fact do not predominate.

The same individualized inquiries that predominate regarding causation and injury will predominate as to whether the economic loss doctrine bars the class's negligence claims. To prevail on their claims for economic injury, class members will be required to establish that they have a "special relationship" with Plains that gives rise to a duty of care to prevent economic harm. *See J'Aire Corp. v. Gregory*, 598 P.2d 60, 63 (Cal. 1979). California courts employ a multi-factor test to determine whether a special relationship exists which turns on, among other considerations, the degree of connection between the defendant and the alleged

---

persuasiveness" of Rupert's model and by failing to "resolve [the] factual disputes necessary" to determine whether the model provided common proof. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982–84 (9th Cir. 2011).

economic harm.  *See S. Cal. Gas Leak Cases*, 441 P.3d 881 (Cal. 2019);

*Quelimane Co. v. Stewart Title Guar. Co.*, 960 P.2d 513, 532–33 (Cal. 1998).

Thus, the class members' varying relationships with Plains and the fact some class

members were not injured will require individualized consideration and proof to

determine whether a special relationship exists.  That class members have

"contractual relationships to the oil industry," does not provide common proof of a

special relationship because of these differences amongst class members.  *See*

*Quelimane*, 960 P.2d at 532 (concluding that a "special relationship" could not

solely be based on the fact that the defendants' alleged misconduct affected the

plaintiffs' contracts with third parties).

     **REVERSED**.[2]

---

[2]    The Chamber of Commerce of the United States' motion for leave to file a brief as *amicus curiae*, Dkt. 20, is **GRANTED**.